UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
ANDREA BLANCH,

                 Plaintiff,          03 Civ. 8026 (LLS)

      v.                   OPINION and ORDER

JEFF KOONS, DEUTSCHE BANK AG, and
SOLOMON R. GUGGENHEIM FOUNDATION

                 Defendants.
----------------------------------------x


Defendants move pursuant to 17 U.S.C. § 505 for an award of attorneys' fees they incurred defending against the copyright infringement action brought by plaintiff Andrea Blanch ("Blanch"). Blanch opposes the motion and moves for sanctions under Fed. R. Civ. P. 11.


<u>Background</u>[1]

Blanch, who owns the copyright on her photograph entitled "Silk Sandals by Gucci," sued Jeff Koons ("Koons") for using a portion of the photograph in his painting "Niagara," which was commissioned by defendant Deutsche Bank and exhibited by it and defendant Solomon R. Guggenheim Foundation ("Guggenheim"). On November 1, 2005

---

[1] The facts of this case are set forth in detail in my November 1, 2005 Opinion and the Court of Appeals' October 26, 2006 Opinion (amended November 16, 2006), familiarity with which is assumed.

I granted summary judgment in favor of defendants, finding that Koons made "fair use" of the portion of the photograph he copied.  <u>Blanch v. Koons</u>, 396 F. Supp. 2d 476 (S.D.N.Y. 2005).   The Court of Appeals for the Second Circuit affirmed.  <u>Blanch v. Koons</u>, 467 F.3d 244 (2d Cir. 2006).

Discussion

17 U.S.C. § 505 provides in copyright actions that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

The standard for determining whether a party is entitled to attorneys' fees is the same whether the prevailing party is the plaintiff or defendant.  <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994).  The following factors may be used to guide a court's discretion so long as they are faithful to the purposes of the Copyright Act: "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  <u>Id.</u> at

534 n.19, quoting <u>Lieb v. Topstone Industries, Inc.</u>, 788 F.2d 151, 156 (3d Cir. 1986).

This case involves an "appropriation" artist. Appropriation artists take other artists' work and use it in their own art, appropriating it and incorporating it in their own product with or without changes.  Because of this appropriation, often (as in this case) done without giving credit to the original artist, the appropriation artists can expect that their work may attract lawsuits.  They must accept the risks of defense, including the time, effort, and expenses involved.  While that does not remove the appropriation artist from the protection of the statute, litigation is a risk he knowingly incurs when he copies the other's work.

That is particularly the case with defendant Koons, who was aware of these risks from his personal experience in <u>Rogers v. Koons</u>, 960 F.2d 301 (2d Cir. 1992) and other cases arising from an earlier work "in which Koons slavishly recreated a copyrighted work in a different medium without any objective indicia of transforming it or commenting on the copyrighted work."  <u>Blanch v. Koons</u>, 467 F.3d at 262 (Katzmann, J., concurring).  As Judge Katzmann stated in his concurring opinion on the appeal in this case (<u>id.</u> at 263):

This is our Circuit's second encounter with Koons' work. His work, like that of other appropriation artists, inherently raises difficult questions about the proper scope of copyright protection and the fair-use doctrine. I would continue to answer those questions as necessary to decide particular cases, mindful that the fair-use inquiry is a fact-specific one that is "not to be simplified with bright-line rules." Campbell, 510 U.S. at 577, 114 S.Ct. 1164.

This case, as well as the fact-specific issue of fair use on which it was ultimately decided, had other distinctive aspects. Most striking was the fact that Blanch did not suffer any damages. She did not suffer, nor sue to recoup, a monetary loss. When she first saw the portion of her work displayed in Koons's painting, her immediate reaction was one of gratification. If Koons had offered Blanch a fee for using her art, it typically would have been $750 or less. Koons's painting did not interfere with any of Blanch's intended uses of her photograph, nor decrease its value. And there were issues other than fair use in the case. Defendants' motions for summary judgment also rested on the statute of limitations, claimed non-infringement due to lack of substantial similarity, and unavailability of punitive damages as a matter of law.

The Court of Appeals' primary and concurring opinions, with headnotes and exhibits, require nineteen pages in the 467 F.3d report: pp. 244-263. Defendants' fee application

demonstrates their belief that the defense of the case merited well over $1 million in attorneys' fees, including more than $24,000 for computer research.

Applying the <u>Fogerty</u> factors as a guide to discretion in this unusual case, one can say that (1) it was not facially frivolous, (2) Blanch's motivation was reasonable, although it was less to recoup a monetary loss than to punish an artist who seemed to have embarked on a series of appropriations of others' work without credit or payment, (3) the legal precedents regarding Koons's work looked favorable, and (4) the particular circumstances do not demonstrate a need for imposition of fees as a deterrent to such suits.  On the whole, this is not a case calling for an exercise of discretion in favor of granting attorneys' fees.

Nevertheless, in view of the weaknesses of Blanch's case, and the relatively simple application of the fair use doctrine which ultimately disposed of it, there is no basis for imposing sanctions on defendants for seeking to recoup their attorneys' fees.

Both sides' motions are denied.


So ordered.

Dated: New York, New York
       May 9, 2007

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.